Miranda K. **EKSUND**, Plaintiff—
Appellant,

v.

Michael J. **ASTRUE**, Defendant—
Appellee.

No. 08–35551.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 10, 2009.

Filed Aug. 19, 2009.

Charles W. Talbot, Talbot & Associates, PS, Tacoma, WA, for Plaintiff–Appellant.

Brian Kipnis, Assistant U.S., Office of The U.S. Attorney, David Robert Johnson, Assistant Regional Counsel, SSA–Social Security Administration Office of The General Counsel, Seattle, WA, for Defendant–Appellee.

* This disposition is not appropriate for publication and is not precedent except as provided

Before: HALL, O'SCANNLAIN and BERZON, Circuit Judges.

## MEMORANDUM *

Miranda Eksund appeals from the district court's order affirming the denial of Disability Insurance and Supplemental Security Income benefits under the Social Security Act, 42 U.S.C. §§ 423 & 1382(a). Eksund challenges the administrative law judge's (ALJ) determinations at steps four and five of the five-step sequential evaluation process. *See* 20 C.F.R. § § 404.1520 & 416.920. We affirm.

■ **1.** Substantial evidence does not support the determination at step four that Eksund had past relevant work to which she was capable of returning. Eksund's earnings at the convention center job were far below a level that would indicate that the work was "substantial gainful activity." *See* 20 C.F.R. § § 404.1574(b) & 416.974(b). The Commissioner has not pointed to substantial evidence that, despite Eksund's low earnings, this work was substantial gainful activity. *See Lewis v. Apfel,* 236 F.3d 503, 515 (9th Cir.2001). Indeed, the ALJ specifically found that Eksund had "not engaged in substantial gainful activity in the past." Because past work must have been done at the substantial gainful activity level to be "past relevant work" under the regulations, *see* 20 C.F.R. §§ 404.1560(b)(1) & 416.960(b)(1), a finding that Eksund was not disabled at step four was improper, and the analysis must proceed to step five. *See Lewis,* 236 F.3d at 515.

by 9th Cir. R. 36–3.

2. As the ALJ held in the alternative, the Commissioner carried his burden at step five of showing that Eksund is capable of performing work that exists in significant numbers in the national economy. *See Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir.1999). As the Commissioner's counsel recognized at oral argument, substantial evidence does not support the ALJ's determination that Eksund could perform work as a "floral arranger." The evidence indicates that she could not successfully perform such work, having been fired from a floral arranging job after one week.

The ALJ's holding that Eksund could perform other unskilled work, however, rests on substantial evidence. Substantial evidence indicates that Eksund's non-exertional limitations do not so significantly restrict her range of work as to preclude other work that exists in significant numbers in the national economy. Social Security Ruling 85–15 states that unskilled work "ordinarily involve[s] dealing primarily with objects, rather than with data or people." SSR 85–15, *available at* 1985 WL 56857, at *4 (S.S.A.). It further provides that the mental demands of unskilled work "include the abilities (on a sustained basis) to ... respond appropriately to supervision, co-workers, and usual work situations," and indicates that those individuals who cannot meet these mental demands face a "severely limit[ed] potential occupational base." *Id.*

Here, the record demonstrates that Eksund's non-exertional limitations to some degree directly restrict her ability to "respond appropriately to supervision, co-workers, and usual work situations." But her employment history demonstrates that this is not always the case, as she has for some time worked folding linens and preparing table settings, although on a part time basis. Also, an examining physician reported that Eksund could perform unskilled jobs with "limited public contact" and "an understanding supervisor." Consequently, even disregarding the grids and placing the burden on the Commissioner, there is substantial evidence in the record to support the ALJ's conclusion that Eksund could, despite her difficulties in relating appropriately to others, perform work that exists in significant numbers in the national economy.

**AFFIRMED.**